UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
MAURICE DELANE DAVIS,                     )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )   Civil Action No. 08-2037 (PLF)
                                          )
D.C. DEPARTMENT OF                        )
CORRECTIONS *et al.*,                     )
                                          )
          Defendants.                     )
_____)


MEMORANDUM OPINION

_____In this action brought *pro se* under 42 U.S.C. § 1983, plaintiff alleges that he was

sexually harassed, denied medical and dental treatment, physically assaulted and retaliated

against during his 18-month confinement at the District of Columbia Jail ("Jail") and the

District's Correctional Treatment Facility ("CTF").[1]  He names as defendants the District of

Columbia Department of Corrections ("DOC"), DOC Director Devon Brown, DOC Acting

Assistant Administrator Debra Miller, CTF Warden John Caulfield, Director of Unity Health

Care Inc. Diana Lapp, and several other employees of either DOC or CTF.[2]  Caulfield and Lapp

move separately to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

_____

[1]      CTF is owned by the Corrections Corporation of America, which contracts to
provide corrections services to the District's Department of Corrections.  Defendant Warden
Caulfield's Motion to Dismiss, Affidavit of Donald H. Paul ¶ 1.

[2]      It is established that the Department of Corrections is not a suable entity.  *See
Caldwell v. District of Columbia*, 901 F. Supp. 7, 11 (D.D.C. 1995); *Fields v. D.C. Department
of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992).  The Court hereby substitutes the District of
Columbia as the proper municipal defendant.  *See Parker v. District of Columbia*, 588 F. Supp.
518, 522-23 (D.D.C. 1983).

[Dkt. Nos. 15, 30] and DOC, Brown and Miller move collectively to dismiss pursuant to Rule 12(b)(6) or for summary judgment pursuant to Rule 56 [Dkt. No. 17].  Upon consideration of the parties' submissions and the entire record, the Court will grant summary judgment to Caufield, grant Lapp's motion to dismiss and  deny DOC, Brown and Miller's ("the District of Columbia defendants") motion for summary judgment.

## I.  BACKGROUND

Plaintiff was incarcerated at the Jail on March 21, 2007, and transferred to CTF on May 21, 2007.  Compl. at 7.  While at the Jail, plaintiff allegedly was "victimized by the sexual misconduct of [] one Sgt. Stevenson."  *Id.*  While at CTF, plaintiff alleges that he was denied medical treatment "for the deadly MRSA infection (about 6-13-07) and the pain & suffering of such due to a very poor and unventilated CTF," *id.*, "stabbed & scalded with hot water by another inmate due to staff at C.T.F. labeling me a snitch . . . (incident took place on 6-23-07)," and removed from a drug program "because of my not wanting to participate in some [C]hristian practices."  *Id.*  Plaintiff also claims that "for over (1) year," his grievances "on all these went unanswered, overlooked or simply ignored. . . ." *Id.* at 8.  Plaintiff filed this civil action on November 26, 2008, while confined at the United States Penitentiary in Lewisburg, Pennsylvania.

## II.  LEGAL STANDARDS

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the

allegations in the complaint" to support the alleged violation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 563 (2007); *see Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations omitted); accord *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Because the Court will be relying on matters outside the pleadings to resolve Caulfield's and the District of Columbia defendants' motions, it must treat those motions as seeking summary judgment.  *See* Rule 12(d), Fed. R. Civ. P.; Order of February 10, 2009 (advising plaintiff about this possibility and how to respond to such a motion).  Summary judgment shall be granted if the pleadings . . . and any affidavits show that that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P.  Material facts are those that "might affect the outcome of the suit under the governing law. . . . "  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989).  The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent

evidence setting forth specific facts showing that there is a genuine issue for trial.  *See* Rule

56(e), Fed. R. Civ. P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

  The non-moving party is "required to provide evidence that would permit a

reasonable jury to find" in his favor.  *Laningham v. United States Navy,* 813 F.2d 1236, 1242

(D.C. Cir. 1987).  If the non-movant's evidence is "merely colorable" or "not significantly

probative," summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at

249-50.  To defeat summary judgment, then, plaintiff must have more than "a scintilla of

evidence to support his claims."  *Freedman v. MCI Telecommunications Corp.*, 255 F.3d 840,

845 (D.C. Cir. 2001); accord *Ben-Kotel v. Howard University*, 319 F.3d 532, 536 (D.C. Cir.

2003).

### III.  DISCUSSION

  Caulfield and the District of Columbia defendants claim that plaintiff failed to

exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995

("PLRA"), codified at 42 U.S.C. § 1997e(a).  In relevant part, the PLRA provides that:

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or any
> other Federal law, by a prisoner confined to any jail,
> prison, or other correctional facility until such
> administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement of Section 1997e(a) is mandatory and

"applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v.*

*Nussle*, 534 U.S. 516, 520 (2002).  Section 1997e(a) "afford[s] corrections officials time and

opportunity to address complaints internally before allowing the initiation of a federal case," and,

where possible, to "satisfy the inmate, thereby obviating the need for litigation." *Id*. at 524-25.

A prisoner must complete the administrative process "regardless of the relief offered through

administrative avenues." *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). Thus, a prisoner may

file a civil action concerning conditions of confinement under federal law only after he has

exhausted his administrative remedies. *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C.

Cir. 2001); *Sample v. Lappin*, 424 F. Supp.2d 187, 190-91 (D.D.C. 2006).

### A.  A Genuine Issue Exists on Plaintiff's Exhaustion of the DOC Claim

Plaintiff alleges that he was sexually assaulted by a DOC corrections officer.

Compl. at 7. DOC's Inmate Grievance Procedure ("IGP") is set forth in the Inmate Handbook.

*See* District of Columbia Defs' Mot., Ex. 1 [Dkt. No. 17-2] at 10-11. In a separate section of the

Handbook entitled "Prevention and Elimination of Sexual Abuse," inmates who have been

sexually assaulted by an employee or another inmate are directed to "[t]ell a staff member"

and/or "[c]all the Confidential Sexual Misconduct Hotline . . . from any inmate telephone,"

which is monitored by the Office of Internal Affairs ("OIA"). *Id*. at 15. The OIA then is

required to interview the accuser and to "take action," such as transferring the employee from the

accuser's housing unit and forbidding any contact, placing the accuser in segregated housing or

transferring the accuser to another unit or institution. *Id*. "All inmate grievances that allege

sexual misconduct by a DOC employee against the inmate are referred to the OIA for

investigation." District of Columbia Defs' Mot., Declaration of Benjamin Collins ("Collins

Decl.") [Dkt. No. 17-3] ¶ 3.

A search of "the DOC OIA database" failed to locate a sexual misconduct grievance from plaintiff, *id.* ¶ 5, but plaintiff has stated "under penalty of perjury that he did tell several staff members of such," Exhaustion of Complaint Procedure for Sexual Misconduct Claim by Plaintiff [Dkt. No. 29] at 2.  Telling a staff member is listed as one of two ways for an inmate to report sexual misconduct, and plaintiff rightly argues that the Handbook requires no further act by the accuser.[3]  Thus, whether OIA – which apparently learns of such claims either from a staff member or from its monitoring of the hotline – has a record of plaintiff's complaint to a staff member is of little probative value.  Rather, the disposition of the District's motion turns on the parties' credibility on the material fact of whether plaintiff informed a staff member about the alleged sexual assault.  Such a determination is a fact-finding function, "not [that] of a judge" on summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.  The Court therefore will deny the District of Columbia defendants' motion for summary judgment based solely on the failure to exhaust administrative remedies.

*B. Plaintiff Failed to Exhaust His Administrative Remedies With CTF*

Under CTF's grievance procedure, inmates must first attempt to informally resolve a matter before pursuing the five-step formal grievance process.  The formal process requires the submission of "the Informal Resolution Form to any staff member or Facility Grievance Mailbox" within seven days of the incident.  Caulfield's Mot., Affidavit of Donald H.

---

[3]    Defendants recognize the "specific grievance procedure for inmates to report allegations of sexual misconduct" as the "administrative policy in place which Plaintiff was required to exhaust prior to filing this matter in Court."  Memorandum of Points and Authorities in Support of Defendants District of Columbia Department of Corrections, Devon Brown and Debra Miller's Motion to Dismiss or in the Alternative, for Summary Judgment at 7 (citing Handbook at 14-15).

Paul ("Paul Aff't") [Dkt. No. 15-2] ¶ 8.  If dissatisfied with the informal resolution, the inmate

has five days from his receipt of the response to the informal resolution to submit a formal

grievance to a grievance officer, five days from his receipt of the grievance officer's decision to

appeal to the Warden, and five days from the Warden's decision to appeal to DOC's Contract

Monitor.  *Id.*[4]  If still dissatisfied, the inmate has five days from receipt of the Contract Monitor's

decision to appeal to the DOC Director.  *Id.*  During plaintiff's incarceration at CTF, an inmate

could bypass the informal resolution if he filed his formal grievance within seven days of the

incident.  *Id.* ¶ 9.

> CTF's records show that plaintiff submitted two separate grievances during his

confinement there.  On July 4, 2007, plaintiff claimed that "he did not receive any out-of-cell

recreation" while housed in the Special Management Unit on July 3-4, 2007.  Paul Aff't ¶ 13 &

Attachment B.  The grievance was investigated and denied, plaintiff unsuccessfully appealed and

the Warden ultimately "denied the grievance appeal on August 17, 2007."  *Id.*  On August 21,

2007, plaintiff claimed that on three separate occasions, the escort officer arrived 30 minutes late

to escort him and other inmates to the law library.  *Id.* ¶ 14 & Attachment C.  The grievance was

investigated and denied on October 9, 2007.  Plaintiff "submitted an unclear appeal, which was

denied by Warden Caulfied on November 9, 2007."  Paul Aff't ¶ 14.

> CTF has no record that plaintiff submitted proper grievances on the alleged

incidents forming the basis of this civil action, *id.* ¶ 15; *see* Compl. at 7, and plaintiff has not

provided any evidence to the contrary.  Rather, plaintiff asserts "that the basis of [his] complaint

---

[4]  Grievances pertaining to medical or culinary issues are routed to the Contract Monitor
instead of the Warden.  *Id.* ¶ 8c.

is the refusal and denial of response to many grievances[,]" Pl.'s Motion in Response and

Ultimately Motion to Deny Defendant John Caulfield[']s Motion to Dismiss [Dkt. No. 24] at 1.

Plaintiff proffers an inmate grievance form concerning only poor ventilation and the denial of

toilet cleansing materials. Dkt. No. 28 at 6-7.[5] But that document fails to provide credible

evidence of plaintiff's exhaustion of even those comparatively minor claims because it lacks a

"date stamp of the grievance officer or a grievance number," which "as a rule" is provided "upon

receipt and prior to review." Defendant Caulfield's Reply in Support of His Motion to Dismiss,

Second Affidavit of Donald H. Paul [Dkt. No. 32-2] ¶ 4. Besides, Paul surmises that the

proffered grievance, even if received, would have been denied as untimely because plaintiff

states that he was aware of the subject conditions "for more than a month," or as improper

because it "combines multiple issues." *Id*. The exhaustion requirement is not satisfied "by filing

an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford

v. Ngo,* 548 U.S. 81, 83-84 (2006).

      Given the foregoing flaws in plaintiff's proffered evidence, the lack of any

evidence that plaintiff pursued his administrative remedies on the more serious charges at issue,

and evidence that plaintiff knew about and indeed utilized CTF's grievance process to redress

two other incidents, the Court concludes that no reasonable jury could find – based solely on

plaintiff's testimony – that he properly exhausted his administrative remedies on the underlying

claims of this civil action against CTF. *See Johnson v. Washington Metropolitan Area Transit

Authority*, 883 F.2d 125, 128 (D.C. Cir. 1989) ("The removal of a factual question from the jury

---

[5]    Plaintiff has not proffered any documentation of his pursuit of administrative
remedies on the more serious charges stemming from his medical treatment, the physical assaults
and his removal from a drug program. *See* Compl. at 7.

is most likely when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence [or] physical impossibility[.]") (citations omitted).  The Court therefore finds that Caulfield is entitled to judgment as a matter of law.[6]

### C. Plaintiff Fails to State a Claim Against Diana Lapp

In a Section 1983 action, the complaint survives a Rule 12(b)(6) motion to dismiss if it establishes the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law, including District of Columbia law.  42 U.S.C. § 1983.  Lapp suggests that neither she nor Unity is a state actor but acknowledges that Unity contracts with DOC to provide medical treatment to District of Columbia inmates.  *See* Memorandum of Points and Authorities in Support of Defendant Diana Lapp, Medical Director, Unity Health Care, Inc.'s Motion to Dismiss at 1.  Because Lapp's statements are unsworn and undocumented, the Court cannot rely on them to resolve the pending motion.  *See McManus v. District of Columbia*, 530 F. Supp.2d 46, 64 (D.D.C. 2007) ("Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion[.]") (citations omitted).  But even if Lapp were acting under color of District of Columbia law based on "the joint activity theory of section 1983 liability," *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991), she could not be held liable for the actions of DOC or CTF employees.

---

[6]     Because the claim is foreclosed by the PLRA's exhaustion requirement, the Court will not address Caulfield's valid argument that the complaint fails to state a claim against him in his individual capacity.  *See* Caulfied Mot. at 6.

An individual may be personally liable under Section 1983 only if it is shown that she directly participated in the wrongful acts.  *See Ashcroft v. Iqbal*, 129 S.Ct. at 1948; *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996) (citing cases); *Price v. Kelly*, 847 F. Supp. 163, 169 (D.D.C. 1994), *aff'd*,  56 F.3d 1531 (D.C. Cir. 1995).  Section 1983 provides no basis for recovery on a theory of *respondeat superior*.  *Ashcroft v. Iqbal*, 129 S.Ct. at 1948; *Rice v. District of Columbia Public Defender Service*, 531 F. Supp.2d 202, 204 (D.D.C. 2008) (citations omitted).  Because plaintiff has pleaded no facts that directly implicate Lapp in the alleged wrongdoing at either the Jail or CTF, the Court grants this defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants summary judgment to defendant Caulfield, grants defendant Lapp's Rule 12(b)(6) motion to dismiss, and denies the District of Columbia defendants' motion for summary judgment.  An appropriate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 11, 2009