UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MAURICE DELANE DAVIS,               )
                                    )
       Plaintiff,                   )
                                    )
       v.                           ) Civil Action No. 08-2037 (PLF)
                                    )
D.C. DEPARTMENT OF                  )
CORRECTIONS *et al.*,               )
                                    )
       Defendants.                  )
_____ )

ORDER

       Pursuant to the Order of July 15, 2009, directing the appointment of counsel to represent the *pro se* prisoner-plaintiff, the Clerk of Court has attempted five times to appoint counsel from the Court's Civil Pro Bono Panel without success. One of the District of Columbia's largest law firms was willing to enter an appearance in the case, but plaintiff objected to certain "standard" terms of the firm's engagement letter. Praecipe [Dkt. No. 67]; *see* Plaintiff's Notice [Dkt. No. 67]. Another large law firm was allowed to withdraw from the appointment after indicating in a sealed filing that its engagement letter contained similar, if not identical, terms. The Clerk's last attempt was to a highly regarded attorney with years of experience representing prisoners in civil rights actions. After communicating several times with plaintiff, that attorney has notified the Clerk's designee that she is unable to represent plaintiff in these proceedings and will notify plaintiff accordingly.

       Because it appears that any further attempts to appoint counsel from the Civil Pro Bono Panel would be a futile exercise, the Court deems the appointment process completed.

Plaintiff's filings establish that he is capable of representing himself, and the limited public record with regard to counsel suggests that plaintiff will accept an appointment only on his terms. "No civil litigant is 'guaranteed counsel[.]' " *Gaviria v. Reynolds*, 476 F.3d 940, 943 (D.C. Cir. 2007) (quoting *Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001). Absent his hiring counsel, plaintiff must now proceed *pro se* in the remaining proceedings against the District of Columbia. *See* Order of June 11, 2009 (granting the dispositive motions of all other defendants).

The District of Columbia defendants filed an Answer on July 1, 2009. An Answer is not particularly helpful because this *pro se* prisoner action is exempt from the conference requirements of the Court's local civil rule and Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. *See* Local Civil Rule 16.3(b)(3). Accordingly, it is hereby

ORDERED that the stay of proceedings pending completion of the appointment process is LIFTED; it is

FURTHER ORDERED that plaintiff shall proceed *pro se*; and it is

FURTHER ORDERED that by **May 21, 2010**, counsel for the District of Columbia defendants shall file a dispositive motion or, if it has been determined that none of the claims may be disposed of by motion, a proposed schedule to govern the proceedings.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 21, 2010